IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LASTOCHKA, INC., et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>JANET NAPOLITANO, et al.,<br><br>        Defendants. | 8:13CV182<br><br>ORDER |

      The records of the court show that on June 17, 2013, the plaintiffs filed the Complaint (Filing No. 1) listing their attorney of record.  Such listing included only one attorney, an individual named Steven Riznyk from Riznyk & Company, APC.  On June 4, 2012, the Office of the Clerk sent a letter (Filing No. 4) to Mr. Riznyk directing that he register for admission to practice in this court and for the U.S. District Court of Nebraska's Case Management/Electronic Case Filing System (System) within fifteen days.  **See** NEGenR 1.3 and NEGenR 1.7.  As of the close of business on August 25, 2013, said attorney had not complied with the request set forth in the letter from the Office of the Clerk.  On August 26, 2013, the court issued a show cause order requiring said attorney to register for the system or to file an affidavit explaining why he was unable to do so (Filing No. 6).  The order warned Mr. Riznyk that failure to comply with the order would result in his being removed as counsel of record for the plaintiffs.  Mr. Riznyk has not timely responded to the order.  Accordingly, the court will strike him as counsel for the plaintiffs.  The individual plaintiffs may proceed without counsel.  The court will allow the corporate plaintiff an opportunity to obtain counsel because parties who are not natural persons may not appear pro se.  ***Ackra Direct Mktg. Corp. v. Fingerhut Corp.***, 86 F.3d 852, 857 (8th Cir. 1996) (noting a corporation or other business entity is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing).

      Moreover, the plaintiffs failed to comply with court rules in the prosecution of their case.  The plaintiffs failed to file a corporate disclosure statement as required by Fed. R. Civ. P. 7.1.  Additionally, local rule NECivR 41.2 states in pertinent part: "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of

prosecution." Specifically, Federal Rule of Civil Procedure 4(m) establishes a 120-day time limit for service of process on any defendant in a civil case, absent a showing of good cause. Since filing the complaint, the plaintiffs have taken no action in this matter such as timely serving the complaint as required by Fed. R. Civ. P. 4(m). Accordingly,

**IT IS ORDERED:**

1. Steven Riznyk is stricken as an attorney of record for the plaintiffs. Said attorney may apply to be readmitted as an attorney of record only after registering for admission to practice in this court and for the System.

2. The plaintiffs Olga Kuznetsova, Yury Kuznetsova, and Polina Kuznetsova are considered proceeding *pro se*.

3. The plaintiff Lastochka, Inc. shall have until **October 24, 2013**, to obtain counsel. Failure to have substitute counsel enter an appearance may result in an order striking the complaint as to this plaintiff.

4. The plaintiffs shall have until **October 15, 2013**, to effect service of summons and the complaint upon the defendants in accordance with Rule 4(m) or show cause why the action should not be dismissed for failure to prosecute.

Dated this 24th day of September, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge